SMITH *v.* WITHEY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPOINTMENT OF
   FIDUCIARY—DEEDS.
   On appeal in suit by two children of decedent against their
   sister and her husband to set aside deed given by defendant
   sister, as administratrix, to a dummy transferee for considera-
   tion furnished by defendant husband, such transferee's deed
   to defendants and their deeds to others, validity of appoint-
   ment of defendant sister as administratrix is not considered
   where deeds resulted from defendants' fraud and if such ap-
   pointment were valid, statute rendered purchase of property by
   fiduciary void (Act No. 288, chap. 9, § 27, Pub. Acts 1939).

2. EXECUTORS AND ADMINISTRATORS—SELF-DEALING BY FIDUCIARY.
   Each suit to set aside a deed of property by a fiduciary for his
   own benefit must stand upon its own facts (Act No. 288, chap.
   9, § 27, Pub. Acts 1939).

3. SAME—SELF-DEALING.
   An administratrix's sale of estate property for the benefit of
   herself is void and it makes no difference by what means the
   benefit is obtained (Act No. 288, chap. 9, § 27, Pub. Acts
   1939).

4. SAME — SELF-DEALING — CLAIMS AGAINST ESTATES — EQUITY —
   FRAUD.
   Plaintiffs, two of decedent's three children to whom real estate
   had been devised in equal shares, were properly charged with
   two-thirds of claims filed, allowed and paid by estate upon
   being awarded two-thirds of the estate in suit to set aside
   deed by which administratrix, their sister, had sought to ob-
   tain entire estate for her own benefit by means of fraudulent
   scheme.

5. SAME—FRAUD.
   Scheme whereby defendant sister of plaintiffs had sought to ob-
   tain benefit of entire estate for herself in property that had

Sale of trust property to fiduciary to self, see 1 Restatement,
Trusts, §§ 170, 206.

been devised to the three of them in equal shares through handling the estate as administratrix was properly *held*, fraudulent, entitling plaintiffs to a two-thirds interest in the estate (Act No. 288, chap. 9, § 27, Pub. Acts 1939).

Appeal from Emmet; Gilbert (Parm C.), J., presiding. Submitted June 6, 1944. (Docket No. 9, Calendar No. 42,612.) Decided September 11, 1944.

Bill by Frances S. Smith and others against Clementine S. Withey and another to set aside a transfer of real estate for fraud. Decree for plaintiffs. Defendants Withey appeal. Affirmed.

*Benjamin V. Halstead,* for plaintiffs.

*John Wendell Bird,* for defendants.

WIEST, J. The bill herein was filed to set aside a deed. By will of their mother, duly admitted to probate, plaintiffs and defendant, Clementine S. Withey, were devised land in Emmet county having a considerable frontage on Walloon Lake. The will nominated plaintiff Frances S. Smith executrix, but she did not qualify. Sometime later defendant Clementine S. Withey, verbally, asked the probate judge to appoint her administratrix of the estate and she was appointed, without notice to any one interested, and gave bond. The estate was devised to the three children mentioned, share and share alike. After her appointment, Clementine S. Withey petitioned the probate court for leave to sell the premises at private sale and leave was granted.

Mrs. Withey deliberately planned a scheme by means of which the interests of the other devisees should inure to her benefit.

At the private sale Emma McWilliams of Chicago was selected as a dummy purchaser under an ar-

rangement by which she should bid $1,000 for the premises, the money to be paid by the defendant Grant R. Withey, husband of the administratrix, and Miss McWilliams should deed the property to defendants. The scheme was carried out and the administratrix gave Miss McWilliams a deed and Miss McWilliams deeded to the administratrix and her husband to hold by the entireties. The sale was reported to the probate court but nothing said about the transfer from Miss McWilliams to defendants. The sale, as reported, was confirmed by the court. Subsequently, defendants conveyed a small part of the lake frontage to another person and also a large part of the lake frontage to another purchaser, receiving about $100 for the small frontage and $2,500 for the large frontage. The sale so made by the administratrix, whether she was properly appointed or not, was void.

Act No. 288, chap. 9, § 27, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-9 [27], Stat. Ann. 1943. Rev. § 27.3178 [487]), relating to sales by administrators, provides:

"The fiduciary making the sale shall not directly or indirectly purchase, or be interested in the purchase of, any part of the property so sold, and all sales made contrary to the provisions of this section shall be void; but this section shall not prohibit any such purchase by a guardian for the benefit of his ward."

We do not deem it necessary to consider the question of whether the appointment of the administratrix was valid or not, for, if valid, the statute rendered the deed in this instance void.

The circuit judge who heard the proofs found defendants Withey guilty of fraud in carrying out the scheme to obtain the property and set the deed

aside. The deeds from the Witheys to subsequent purchasers conveyed, at least, the rights of Clementine S. Withey as a devisee of an undivided one-third of the premises. The circuit judge also found, and his finding is fully supported by the evidence, that the premises sold by the administratrix were worth, at the time of the sale, $5,000. The decree provided, in substance, that the subsequent purchasers be protected upon payment to plaintiffs of sufficient money to satisfy the value of their two-thirds interest in the premises and thereby have their deeds validated. The subsequent purchasers have not appealed.

In behalf of defendants Withey it is contended that this court, in at least three instances, has refused to void a sale by a fiduciary for his own benefit, but it is well stated that each case must stand upon its own facts. We let this case stand upon its facts and it clearly appears that the scheme of the administratrix, aided by her husband, was so clearly intended to deprive the plaintiffs of any right in the property that, as said by the chancellor in Harrington's Chancery Reports, in the case of *Beaubien* v. *Poupard,* Harr. Ch. (Mich.) 206, 218:

"It makes no difference by what means an administrator secures the benefit of a purchase at a sale made by himself; the rule is imperative that he cannot become a purchaser at all. *Swayze's Lessee* v. *Burke,* 12 Pet. (37 U. S.) 11, 25 (9 L. Ed. 980); *Hart* v. *Ten Eyck,* 2 Johns. Ch. (N. Y.) 62."

The court found the claims filed and allowed against the estate in the probate court amounted to $765; that defendants paid the same, and decreed that the interests of plaintiffs in said premises be charged with $510, two-thirds of said debts, in favor of defendants Withey. Plaintiffs appeal from that

part of the decree, contending that plaintiffs should not be required to pay any part of the debts mentioned. It was no more than fair in awarding plaintiffs two-thirds of the estate to require them to pay two-thirds of the debts and we approve of the adjudication made by the circuit judge.

The fraud accomplished cannot be countenanced by the court and the decree in the circuit court is affirmed, with costs against defendants Withey.

NORTH, C. J., and STARR, BÜTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with WIEST, J. BOYLES, J., concurred in the result.